UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SPECIALIZED COMPONENT PARTS LIMITED, INC. d/b/a SCP LIMITED, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SURFACE IGNITER, LLC, and )<br>GEORGE HANNA, )<br>)<br>Defendants. ) | CAUSE NO. 1:12-CV-266 |

## OPINION AND ORDER

This case was removed to this Court from the Dekalb Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that "Defendant Surface Igniter is and was . . . a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business located in the State of Ohio" and that Defendant George Hanna "is and was . . . a resident of the State of Ohio." (Notice of Removal ¶¶ 6-7.)

Defendants' Notice of Removal, however, is inadequate because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda*

1

*Motors of Am.*, *Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendant Hanna, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

As to Defendant Surface Igniter, LLC, although the Defendants allege that Surface Igniter is "a *corporation* organized under the laws of the Commonwealth of Puerto Rico" (Notice of Removal ¶ 6 (emphasis added)), the Defendants also indicate that Surface Igniter is an "LLC" in both the caption and introductory paragraph of their Notice of Removal. If Surface Igniter is an LLC rather than a corporation, then the Notice of Removal is insufficient as a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members," *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Surface Igniter is actually an LLC, the Court must be advised of the citizenship of all its members to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Surface Igniter, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before August 17, 2012, properly alleging the citizenship of Defendant Hanna, clarifying whether Defendant Surface Igniter is an LLC or corporation, and then making the correct citizenship allegations based on Surface Igniter's company form.

SO ORDERED.

Enter for this 3rd day of August, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge